IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MEGHAN C. SHAVER, *by and through her next friend and mother Jennifer Ford*, PAIGE N. CHAMBERLAIN, *by and through her next friend and mother Kimberly Chamberlain*, and JENNIFER FORD, <br><br>　　　Plaintiffs, <br><br>v. <br><br>VERNON L. ODELL, <br><br>　　　Defendant. | No. 11-CV-418-WDS |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Plaintiffs Meghan C. Shaver, Paige N. Chamberlain, and Jennifer Ford were in an auto accident with defendant Vernon L. Odell and sued for damages in state court.[1] Defendant removed the action here on diversity grounds, 28 U.S.C. § 1332 (Doc. 3). Now before the Court are plaintiffs' motion to remand (Docs. 9 & 12) and defendant's response (Doc. 14). Plaintiffs principally argue that they have submitted a binding affidavit that limits their claims to less than $75,000. Therefore, they believe the Court does not have subject-matter jurisdiction.

### BACKGROUND

In August 2010, plaintiff Meghan C. Shaver was driving through an intersection with passengers Paige N. Chamberlain and her mother, Jennifer Ford. Defendant Vernon

---

[1] The action is brought on behalf of Shaver through her next friend and mother, Jennifer Ford, and on behalf of Chamberlain through her next friend and mother, Kimberly Chamberlain.

1

L. Odell either ran through the stop sign or didn't yield and crashed into their car. Plaintiffs filed a six-count complaint against defendant in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois (Case No. 10-L-533). Shaver and Chamberlain seek damages for personal injuries, and Ford seeks to recover for the damage to her car.

Plaintiffs originally asked for damages "not to exceed $50,000" in their complaint (Doc. 3, Ex. A1, pp. 3–6) and filed an affidavit under Illinois Supreme Court Rule 222 stating that the damages sought by each plaintiff did not exceed $50,000 (Doc. 3, Ex. A1, p. 7).[2] They later amended their complaint, and this time plaintiffs Shaver and Chamberlain each asked for damages "in excess of $50,000.00, but less than $75,000.00," costs, and any further relief deemed necessary and just (Doc. 3, Ex. A3, pp. 20–22). Shaver and Chamberlain are vague about the nature of their injuries, only saying they have received treatment from medical professionals and will incur further medical expenses in the future. They amended their Rule 222 affidavit as well, stating that their damages, individually, exceed $50,000 but are "less than $75,000.00" (Doc. 3, Ex. A3, p. 16). Plaintiffs have not made defendant a settlement offer (Doc. 3, p. 9).

Defendant tried to tease out further details about Shaver and Chamberlain's damages. In answer to an interrogatory asking her to itemize all damages, in March 2011 Shaver said her current medical expenses were $9,042.38. She had no lost income from missing work or any other expenses or losses. She also responded that her damages for loss of normal life, increased risk of harm, and pain and suffering were "to be determined by jury" (Doc. 3, p. 7). About a month later she amended her answer saying her damages exceeded $50,000 but were less than $75,000.

Chamberlain also answered interrogatories in March 2011, listing her bills for physicians and health-care professionals as $8,874.78, lost wages as $148.50 for missing six days of work, and no other expenses or losses (Doc. 3, pp. 5–6). Several weeks later,

---

[2] The affidavit is actually signed by plaintiffs' attorney, Christopher K. Geldmacher.

Chamberlain responded to an additional interrogatory asking her to itemize all damages. She only answered "[m]edical expenses, past and future" with no dollar amount because she allegedly had not completed her medical attention. She added that her loss of normal life, increased risk of harm, and pain and suffering were "to be determined by jury" and that her damages exceeded $50,000 but were less than $75,000 (Doc. 3, p. 8).

Defendant also served plaintiffs with requests for admissions. He asked each of them to admit that, as a result of the allegations in the complaint, they have "not suffered injuries or damages in excess of $75,000.00", and will "not seek nor accept damages in excess of $75,000.00 from the trier of fact" (Doc. 3, Exs. B & D, pp. 1–2). After originally objecting, Shaver and Chamberlain later responded "Deny" to each question (Doc. 3, Exs. P & Q).

On receiving plaintiffs' denials, defendant removed this action based on diversity jurisdiction, 28 U.S.C. § 1332(a) (Doc. 3). The parties agree that diversity of citizenship exists. As to the amount in controversy, separate claims of multiple plaintiffs against a single defendant cannot be aggregated, *McMillian v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009); *Clark v. State Farm Mut. Auto. Ins. Co.*, 473 F.3d 708, 711 (7th Cir. 2007), so the Court must consider the amount in controversy as to each plaintiff Shaver and Chamberlain. The parties agree that Ford's damages are less than $50,000 and that, if diversity is satisfied, the Court will have supplemental jurisdiction over her claims, 28 U.S.C. § 1367(a). At issue is whether defendant has shown it to be likely that the amount in controversy for either plaintiff Shaver or Chamberlain exceeds $75,000.

## DISCUSSION

A civil action may be removed to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441. Courts have original jurisdiction of civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Jurisdiction depends on the amount in controversy when the federal suit began. *Meridian Sec. Ins. v. Sadowski*, 441 F.3d 536, 538 (7th Cir. 2006); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938); *see also Carroll v. Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011) (amount in controversy is evaluated as of the time of removal). In addition, the amount in controversy stated in the plaintiff's complaint generally controls, unless it is legally impossible. *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006); *Meridian*, 441 F.3d at 541.

But if the complaint does not establish the amount in controversy, the party invoking federal jurisdiction can use other evidence. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541–42 (7th Cir. 2006); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427–28 (7th Cir. 1997). The party must set out the basis of federal jurisdiction and prove any contested factual allegation. *Meridian*, 441 F.3d at 540 (citing Fed. R. Civ. P. 8(a)(1) & 12(b)(1)); *Carroll v. Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011). It must prove the jurisdictional facts by a preponderance of the evidence. *Blomberg v. Serv. Corp. Intern.*, 639 F.3d 761, 763 (7th Cir. 2011); *Meridian*, 441 F.3d at 543. Moreover, the party's burden, in the case of a defendant who removes, is to show "what the plaintiff hopes to get out of the litigation," not that the plaintiff will collect more than $75,000 if he prevails. *Rising-Moore*, 435 F.3d at 816; *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("[P]art of the removing party's burden is to show not only what the stakes of the litigation *could be*, but also what they *are* given the plaintiff's actual demands."). When the plaintiff provides little information about the value of his claims, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (citing *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004)).

4

Courts should interpret the removal statute narrowly and resolve any doubts in favor of the plaintiff's choice of forum in state court. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

## ANALYSIS

The amount in controversy cannot be determined from the complaint, so defendant offers other evidence. He relies on essentially two things: (1) plaintiffs' denials in response to his request for admissions and (2) his belief that plaintiffs' professed limitations on damages to less than $75,000 are not binding.

In response to defendant's request for admissions, Shaver and Chamberlain denied that they had not suffered injuries or damages over $75,000, and that they would not seek or accept damages over that amount. Defendant contends that such a denial is sufficient grounds for removal according to *Oshana v. Coca-Cola Co.*, 472 F.3d 506 (7th Cir. 2006), *Reid v. Kohl's Dep't Stores, Inc.*, 545 F.3d 479 (7th Cir. 2008), and *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424 (7th Cir. 1997).[3] These cases, however, illustrate why plaintiffs' motion to remand must be granted.

In *Oshana v. Coca-Cola*, the court of appeals summarized that the district court had three pieces of information before it when deciding whether it had jurisdiction: The defendant's good-faith belief that the amount in controversy exceeded $75,000; facts suggesting the amount the plaintiff sought may exceed that amount; and the plaintiff's "refusal to say otherwise." *Oshana*, 472 F.3d at 512. The plaintiff was seeking actual

---

[3] In *Reid v. Kohl's Department Stores*, there was little evidence in the record for the court of appeals to establish the amount in controversy, but the plaintiff had admitted in discovery she was seeking damages in excess of $75,000. 545 F.3d 479, 481 n.1 (7th Cir. 2008). It is worth noting that the court of appeals did not merely take her at her word. It commented that she claimed to have suffered severe and debilitating injuries that required "a large sum of money for medical, hospital and doctor care and attention." *Id.* And in a deposition she had discussed having back and side injuries that required physical therapy. *Id.* The defendant stated its good-faith belief in its notice of removal that the amount in controversy exceeded the $75,000. *Id.*

damages, disgorgement of the defendant's profits, and attorney's fees. *Id.* Notably, the defendant's profits during the relevant time period were in the millions. *Id.* The court found it "doubtful" the plaintiff could have recovered *all* the profits. *Id.* But when it considered that the plaintiff was also seeking attorney's fees and compensatory damages, her refusal to admit that the combination of recoveries would not exceed $75,000 "raised the reasonable inference that it would." *Id.* Finally, the court added, the statute under which the plaintiff was suing permitted punitive damages as well, and she could have amended her complaint to include those. *Id.* Consequently, her refusal to admit she would not seek more than $75,000 in compensatory damages, disgorged profits, punitive damages, and attorney's fees made it "plausible that more than $75,000 was at stake." *Id.*

The plaintiff's refusal to respond to a request to admit was also a factor the court of appeals considered in *Chase v. Shop 'N Save Warehouse Foods, Inc.* when it affirmed the district court's finding that the amount in controversy exceeded $50,000 (the minimum for diversity at the time). 110 F.3d 424, 427, 428 (7th Cir. 1997). As in *Oshana*, the court had other evidence of the amount in controversy before it. The plaintiff had made a settlement offer to the defendant of $120,000, which, the court observed, was over twice the jurisdictional amount. *Id.* at 427, 430. The plaintiff alleged serious, disabling physical and mental injuries that would result in loss of future earning potential. *Id.* The court later referred the plaintiff's allegations as a "laundry list of serious and disabling injuries." *Id.* at 430 (citing *Jeffries v. Silvercup Bakers, Inc.*, 434 F.2d 310, 311–12 (7th Cir. 1970)). And the district court had denied remand on the same facts in an earlier action between the same parties. *Id.* at 428.

Here, plaintiffs Shaver and Chamberlain refused to admit to damages less than $75,000. But, as shown in *Oshana* and *Chase*, the Court must look to other evidence as well to establish the jurisdictional facts, which is consistent with the Court's "independent obligation" to ensure jurisdiction is proper. *See, e.g.*, *Smith v. Am. Gen. Life and Accident*

6

*Ins. Co., Inc.*, 337 F.3d 888, 893 (7th Cir. 2003); *see also Willyard v. Wal-Mart Stores, Inc.*, No. 08-cv-492-DRH, 2009 WL 303636, at *3 (S.D. Ill. Feb. 6, 2009) (finding the plaintiff's estimate of over $50,000 in damages and allegations of severe and permanent injuries were not sufficient "without other supporting evidence" to establish the amount in controversy).

In contrast to the plaintiff in *Oshana*, Shaver is not seeking the disgorgement of potentially millions of dollars in profits with the possibility of punitive damages. Her total medical expenses—almost seven months after the car accident—were $9,042.38. Chamberlain's medical expenses were almost identical. There is no suggestion of punitive damages here. Moreover, in contrast to the plaintiff in *Chase*, plaintiffs here do not give anything approaching a laundry list of serious and disabling injuries. They make vague statements about receiving treatment from medical professionals, past and future medical expenses, and pain and suffering in an amount to be determined by a jury. The Court does not find it plausible without some evidence that plaintiffs' claims of future medical expenses, or pain and suffering, will reach the rest of the way to $75,000. *See McMillian v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 844–45 (7th Cir. 2009) (finding claims for "future medical expenses" and "pain and suffering" could not account for jurisdictional shortfall without competent proof). This case is also unlike *Chase* because plaintiffs here have not made a settlement offer over the jurisdictional amount, and the Court has not previously denied remand in an earlier action between these parties.

Defendant also cites the district-court decision denying a motion to remand in *Cunningham v. Manpower Prof'l Servs.*, No. 07-cv-656-JPG, 2008 WL 754004 (S.D. Ill. March 18, 2008). *Cunningham* though, like *Oshana* and *Chase*, is distinguishable based on the relief sought. It was a retaliation claim against the plaintiff's employer, and the plaintiff was seeking lost wages into the future indefinitely. *Id.* at *3. Thus the court found that "[e]ven a minimal rate of pay has the potential to amount to more than $75,000 through

7

future years." *Id.* The court also considered other relief was possible, including punitive damages. *Id.* at *2–3. Here, Shaver did not miss any work, and Chamberlain missed only six days ($148.50 in lost wages). Their other lack of damages has already been discussed.

The Court therefore **FINDS** that defendant has not met his burden of showing by a preponderance of evidence that the amount in controversy exceeds $75,000. The Court does not have jurisdiction, and this matter must be remanded to the state court.

The parties primarily dispute whether the limitation on damages to less than $75,000 in plaintiffs' amended Rule 222 affidavit is binding. If it is, then this matter must be remanded for lack of jurisdiction. However, in light of the Court's finding that the amount-in-controversy requirement has not been met, the Court does not have jurisdiction and cannot decide that issue.

CONCLUSION

Accordingly, the Court **GRANTS** plaintiffs' motion to remand (Doc. 9). This action is **REMANDED** to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois.

**IT IS SO ORDERED.**

**DATED: March 30, 2012**

       /s/ **WILLIAM D. STIEHL**
       **DISTRICT JUDGE**